IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv243 |
| TDCJ CORPORATION, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, an inmate currently confined at Coffield Unit within the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The present Report and Recommendation concerns his motion for a preliminary injunction (Dkt. #26).

Plaintiff asserts that he is Jewish by birth. While at the Polunsky Unit, located in Livingston, Texas, he contends he was denied the right to purchase Kosher meals from the commissary every two weeks. He further complains that Adaptive Disability Services arranged for him to be housed at the Polunsky Unit rather than at the Stiles Unit—his preferred choice.

Plaintiff is seeking a preliminary injunction to receive free world Kosher meals, three times daily, until he is moved to the Stiles Unit. He is further requesting a transfer to the Stiles Unit as his Jewish-designated unit.

A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect,

1

for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

Before the Court can assess the merits of Plaintiff's request for a preliminary injunction, the Court first must determine whether it has jurisdiction, both *in personam* and subject matter, to issue the preliminary injunction. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222 (5th Cir. 2017) (holding that a court may not issue a preliminary injunction when it lacks subject matter jurisdiction). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ( "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Plaintiff appears to be seeking a preliminary injunction with respect to events or conditions that are occurring or have occurred at the Polunsky Unit in Livingston, Texas. The Polunsky Unit is not within the territorial jurisdiction of the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). The Court lacks jurisdiction to issue a preliminary injunction over persons or events that occurred at the Polunsky Unit.

Plaintiff, moreover, is no longer incarcerated at the Polunsky Unit. His transfer to the Coffield Unit renders his claim for prospective injunctive relief moot. *See Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's transfer from the ECDC to the Dixon Correctional Institute rendered his claim for declaratory and injunctive relief moot); *Cooper v.*

*Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991) (explaining that inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison); *Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of Plaintiff's transfer back to the Polunsky is too speculative to warrant relief. *See Herman,* 238 F.3d at 665. Plaintiff's request for injunctive relief for events occurring at the Polunsky Unit should be dismissed as moot.

Here, the lack of jurisdiction and the mootness of his claims are dispositive of Plaintiff's request for preliminary injunctive relief. Under these factors, the Court does not need to address the proper standard of review for a preliminary injunction or the underlying merits of Plaintiff's request for a preliminary injunction. The motion for a preliminary injunction should be denied.

Recommendation

It is accordingly recommended that Plaintiff's motion for a preliminary injunction (Dkt. #26) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 28th day of March, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE