IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv243 |
| TDCJ CORPORATION, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, an inmate currently confined at the Coffield Unit within the Texas prison system, proceeding *pro se*, brings this civil rights lawsuit pursuant 42 U.S.C. § 1983. He raises claims regarding deliberate indifference to his serious medical needs while at the Coffield Unit.

The present Report and Recommendation concerns Plaintiff's motion for a temporary restraining order (Dkt. #35). He asserts that he is illegally being denied disability services. He claims that he has not been allowed access to the Estelle Regional Medical Facility Optometry Department in eight years and he has been denied hernia surgery for the past ten years. He is seeking an immediate optometry examination, an immediate hernia surgery, an assignment to Tier II Adaptive Disability Services (ADS) at the Estelle Unit for direct access to ADS and optometry, an assignment to Tier II ADS housing restrictions, expedited eye glasses, and an immediate gastroenterology referral.

Plaintiff has failed to show that he is entitled to preliminary injunctive relief. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to

1

prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

With respect to the first prong, Plaintiff neither addresses nor clearly demonstrates that there is a substantial likelihood that he will prevail on the merits of his claims. Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It is indisputable that an incorrect diagnosis by medical

personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). And the "failure to alleviate a significant risk that [the official] should have perceived but did not" is insufficient to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Plaintiff's motion is silent as to this required prong of the preliminary injunctive relief analysis.

Second, Plaintiff neither addresses nor clearly demonstrates that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. He has not shown any connection between the incidents forming the basis of his lawsuit and the requests for injunctive relief. The courts have held that the purpose of preliminary injunctive relief is to preserve the *status quo* between the parties to a case and to prevent irreparable injury until the merits of the lawsuit can be reviewed. A party thus moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Davis v. Chairman, Tex. Bd. of Criminal Justice*, 2011 WL 831417, *2 (E.D. Tex. Feb. 10, 2011), citing, *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). In other words, the relief sought in the motion for temporary restraining order or injunctive relief must be "closely related to the conduct made the subject of the underlying complaint." *Jones v. Department of Corrections,* civil action no. 5:07cv190, 2007 WL 2024836 (N.D. Fla. Oct. 17, 2007) (unpublished) (citing *Devose*).

3

Third, he neither addresses nor clearly shows that the threatened injury outweighs the harm of an injunction to the nonmovant. Finally, he neither addresses nor clearly shows that the temporary restraining order and/or preliminary injunction would not disserve the public interest. Plaintiff fails to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction. The motion should be denied.

Recommendation

It is accordingly recommended that Plaintiff's motion for injunctive relief (Dkt. #35) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 28th day of March, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4