IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv243 |
| TDCJ CORPORATION, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, an inmate currently confined at the Skyview Unit within the Texas prison system, proceeding *pro se*, brings this civil rights lawsuit pursuant 42 U.S.C. § 1983. He raises claims regarding deliberate indifference to his serious medical needs while at the Coffield Unit.

The present Report and Recommendation concerns Plaintiff's motion for a temporary restraining order (Dkt. #85). He is seeking to order Defendants to provide him with hernia surgery and to transfer him to the Estelle Regional Medical Facility. He asserts that he has a large number of ophthalmology appointments following eye surgery. He contends that the Michael Unit is too far to travel to on a routine basis and that he has spinal damage. He states that the Estelle Unit is the only unit that has Tier II Adaptive Disability Services (ADS).

Plaintiff has failed to show that he is entitled to preliminary injunctive relief. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status*

*quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

With respect to the first prong, Plaintiff neither addresses nor clearly demonstrates that there is a substantial likelihood that he will prevail on the merits of his claims. He asserts without explanation that he will prevail on his claims. Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff

must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). And the "failure to alleviate a significant risk that [the official] should have perceived but did not" is insufficient to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Plaintiff's singular statement is not sufficient to fulfil this required prong of the preliminary injunctive relief analysis.

Secondly, Plaintiff neither addresses nor clearly demonstrates that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. He has not shown any connection between the incidents forming the basis of his lawsuit and the requests for injunctive relief. The courts have held that the purpose of preliminary injunctive relief is to preserve the *status quo* between the parties to a case and to prevent irreparable injury until the merits of the lawsuit can be reviewed. A party thus moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Davis v. Chairman, Tex. Bd. of Criminal Justice*, 2011 WL 831417, *2 (E.D. Tex. Feb. 10, 2011), citing, *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). In other words, the relief sought in the motion for temporary restraining order or injunctive relief must be "closely related to the conduct made the subject of the underlying complaint." *Jones v. Dep't of Corr.,* civil action no. 5:07cv190, 2007 WL 2024836 (N.D. Fla. Oct. 17, 2007) (unpublished) (citing *Devose*).

Thirdly, he neither addresses nor clearly shows that the threatened injury outweighs the harm of an injunction to the nonmovant. Finally, he fails to clearly show that the temporary restraining order and/or preliminary injunction would not disserve the public interest. Plaintiff states without explanation that it is in the public interest that public officials follow the law. (Dkt. #85 at 3). As a generalized notion, public officials should follow the law; however, Plaintiff has not shown that the public officials who are defendants here are not following the law. Plaintiff must narrow his analysis to the facts of this case and not rely on global precepts to prevail on the fourth prong of the preliminary injunctive relief analysis.

The Fifth Circuit has made it clear that, "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiff [has] clearly carried the burden of persuasion on all four requirements." *Planned Parenthood of Houston & Se. Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (quoting *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)) (internal quotation marks omitted). Because Plaintiff has failed to carry his burden of proving all four requirements needed to entitle him to a preliminary injunction, Plaintiff's motion should be denied.

## Recommendation

It is accordingly recommended that Plaintiff's motion for temporary restraining order (Dkt. #85) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 10th day of February, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE