IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #01383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv243 |
| TDCJ CORPORATION, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, a prisoner confined in the Texas prison system, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. Plaintiff is not proceeding *in forma pauperis*. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

Before the Court is Plaintiff's Motion for Leave to Amend (Dkt. #134), construed as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) of some claims and some Defendants. He states that "[a]ll claims are dropped, except for aluminum salt." (Dkt. #134, p. 1). He also provides: "I'm requesting leave to amend claim to drop all other claims." (*Id*.)

Plaintiff's second amended complaint is the live pleading in this case. (Dkt. #9)[1, 2] A plaintiff is entitled to voluntarily dismiss a case before the opposing party serves either an answer

---

[1] Plaintiff's claims against Walker County, Texas were severed and transferred to the Southern District of Texas. (Dkt. #4).

[2] Plaintiff's Religious Land Use and Institutionalized Persons Act claim was severed into a separate lawsuit—Cause No. 6:22-cv-159. (Dkt. #54).

1

or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) (citing *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973)). Defendants the Texas Department of Criminal Justice (TDCJ), TDCJ Executive Director Bryan Collier, the University of Texas Medical Branch (UTMB), UTMB-CMC Director Owen Murray, UTMB ADA Disability Director Cotton Armstrong, the Coffield Unit Grievance Investigators, and the State of Texas have not filed an answer or a motion for summary judgment regarding Plaintiff 's ADA claims, Eighth Amendment medical deliberate indifference claims, or Eighth Amendment conditions of confinement claims.[3]

Plaintiff's Motion for Leave to Amend (Dkt. #134), construed as a motion for voluntary dismissal of all claims and defendants, with the exception of his aluminum salt conditions of confinement claim against TDCJ Executive Director Bryan Collier should be granted.

Recommendation

It is recommended that Plaintiff's Motion for Leave to Amend, construed as a motion for voluntary dismissal (Dkt. #134) of Defendants TDCJ, UTMB, UTMB-CMC Director Owen Murray, UTMB ADA Disability Director Cotton Armstrong, the Coffield Unit Grievance

---

[3] In his Second Amended Complaint, Plaintiff specifically asserts that he is legally blind and suffers from increasingly diminished vision. Plaintiff raises: (1) an ADA claim and an Eighth Amendment claim regarding his access to various adaptive services for blind inmates, (2) medical deliberate indifference claims regarding surgery for a hernia, access to vitamins and supplements, and heat-sensitivity claims, and (3) a conditions of confinement claim regarding the use of aluminum salt in the cooking process causing him to suffer from short-term memory loss. He specifically asserts that he is being denied access to disability services for his blindness. He claims that he has not been allowed access to the Estelle Regional Medical Facility Optometry Department in eight years and he has been denied hernia surgery for the past ten years. He is seeking an immediate optometry examination, an immediate hernia surgery, an assignment to Tier II Adaptive Disability Services (ADS) at the Estelle Unit for direct access to ADS and optometry, an assignment to Tier II ADS housing restrictions, expedited eyeglasses, and an immediate gastroenterology referral. He recently claims that TDCJ has confiscated his eyeglasses on several occasions.

Investigators, and the State of Texas be granted and that these Defendants and the claims against them be dismissed without prejudice. Fed. R. Civ. P. 41(a)(1). Plaintiff's aluminum salt claim against Defendant TDCJ Executive Director Bryan Collier should remain pending before the Court at this time.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE