UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00243

———

**Barry Emmett,**
*Plaintiff,*
v.
**TDCJ Corporation et al.,**
*Defendants.*

———

**ORDER**

Plaintiff, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a report and recommendation concluding that plaintiff's official-capacity claim against the remaining defendant for money damages should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 175 at 5–6. The report further recommended that plaintiff's Eighth Amendment claim against the remaining defendant in his individual capacity should be dismissed for failure to state a claim upon which relief can be granted. *Id*. at 9. Finally, the report concluded that plaintiff's request for a declaratory judgment should be dismissed for mootness. *Id*. at 10.

Within the allotted 14 days, plaintiff filed a document that contained purported objections to the magistrate judge's report, in addition to a motion for a change of venue. Doc. 178. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). However, plaintiff objects only to the report's conclusion that—for purposes of the Eight Amendment claim—there is no evidence of defendant's supposed involvement in or knowledge of inmates being provided with 100% aluminum salt. According to plaintiff, because defendant is the executive director of the prison,

he must have known of any contract or shipping arrangements concerning the salt.

As the magistrate judge notes, in order to state a viable Eighth Amendment claim, plaintiff must show that defendant was deliberately indifferent to "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id* at 837.

Plaintiff's allegations concerning the salt "lack[] an arguable basis in law of fact" and are thus frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Needless to say, it would appear incredibly unlikely that TDCJ inmates are being provided with 100% aluminum salt. Plaintiff provides no evidence that this is indeed the case. However, even if this claim were true, plaintiff fails to establish any factual basis that defendant knew of the aluminum salt, appreciated its danger to inmates, and disregarded this substantial risk of serious harm. Plaintiff attempts to suggest that defendant must have been aware of the salt because of his position as executive director. But, without additional facts, the allegations here are simply insufficient to support such an inference. Plaintiff also had an opportunity to cure these deficiencies and failed to do so. *See* Doc. 6.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Plaintiff's civil rights action is dismissed with prejudice. Plaintiff's motion for a change of venue (Doc. 178) is denied as moot. All other motions that may be pending in this civil action are denied.

*So ordered by the court on September 23, 2024.*

J. CAMPBELL BARKER
United States District Judge